UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSUE ROMAN-BASORA, <br><br> Plaintiff(s), <br><br> POSTMASTER GENERAL UNITED STATES POSTAL SERVICE, JOHN POTTER, <br><br> Defendant(s). | Civil No. 08-1096 (DRD) |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Pending before the Court are: (a) defendant John E. Potter, the Postmaster General of the United States Postal Service's *Motion For Summary Judgment*; *Statement Of Undisputed Material Facts*, and the *Memorandum Of Law In Support Of Defendant's Motion For Summary Judgment*, Docket entries No. 24, 25 and 26; (b) plaintiff's *Motion In Opposition To Summary Judgment Motion Filed By Defendant; Memorandum In Support Of Opposition To Motion For Summary Judgment Filed By Defendant*, and the *Opposition Statement Of Material Facts To The Statement Of Undisputed Material Facts Filed By Defendant*, Docket entries No. 37, 38 and 39; and (c) *Reply Memorandum Of Law In Support Of Defendant's Motion For Summary Judgment*, Docket No. 40.

In a nutshell, plaintiff alleges in the *Complaint* employment discrimination under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq*.; the Rehabilitation Act, 29 U.S.C.§§ 791, *et seq.*, and Title II of the American with Disabilities Act of 1973, 29 U.S.C. § 794(a).

This matter was referred to the United States Magistrate Judge Vélez-Rivé ("Magistrate Judge") for report and recommendation, Docket entries No. 41 and 42.  On November 1, 2010, the Magistrate Judge entered a *Report And Recommendation,* Docket No. 43.   The Magistrate Judge

recommended that the defendant's motion for summary judgment be granted. As of this date, no objections have been timely filed, thus, the Court deems this matter submitted. For the reasons set forth below, the *Report and Recommendation* issued by the Magistrate Judge is hereby adopted *in toto*, as supplemented herein.

### Standard of Review

The district court may refer dispositive motions to a United States Magistrate Judge for a report and recommendation. 28 U.S.C. § 636(b)(1)(B); Rule 72(b) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."); Local Civil Rule 72(a) of the Local Rules of the United States District Court for the District of Puerto Rico ("L.Civ.R.").[1]

"Absent objection, ... [a] district court ha[s] a right to assume that [the affected party] agree[s] to the magistrate's recommendation." *Templeman v. Chris Craft Corp.*, 770 F. 2d 245, 247 (1st Cir. 1985), *cert. denied*, 474 U.S. 1021 (1985). Moreover, "failure to raise objections to the Report and Recommendation waives that party's right to review in the district court, and those claims not preserved by such objections are precluded on appeal." *Davet v. Maccarone*, 973 F. 2d 22, 30-31 (1st Cir. 1992).

In the instant case, no objections to the Magistrate Judge's *Report and Recommendation* have been filed. Thus, in order to accept the unopposed *Report and Recommendation*, the Court needs only satisfy itself by ascertaining that there is no "plain error" on the face of the record. *See*

---

[1] As stated in the *Order of Referral* (Docket No. 15), the parties were properly advised that any objections to the Magistrate's *Report and Recommendation* were to be filed within five (5) business days of notification. *See* L.Civ.R. 72(d); *see also* 28 U.S.C. § 636(b)(1). Furthermore, the Court set aside the three (3) day term provided by L.Civ.R. 5.1. *See* Docket No. 38; *see also, U.S. v. Diaz-Villafane*, 874 F.2d 43, 46 (1st Cir. 1989)(*quoting Braxton v. Bi-State Dev. Agency*, 728 F.2d 1105, 1107 (8th Cir. 1984) "[i]t is for the district court to determine what departures from its rules may be overlooked"). Notwithstanding, the five (5) day period and the ten (10) day period normally granted have elapsed and no objection has been made to the Report and Recommendation.

*Douglass v. United Servs. Auto, Ass'n*, 79 F.3d 1415, 1419 (5th Cir. 1996)(*en banc*)(extending the deferential "plain error" standard of review to the unobjected legal conclusions of a magistrate judge); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)(*en banc*)(appeal from district court's acceptance of unobjected findings of magistrate judge reviewed for "plain error"); *Nogueras-Cartagena v. United States*, 172 F.Supp.2d 296, 305 (D.P.R. 2001)("Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous")(adopting the Advisory Committee note regarding Fed.R.Civ.P 72(b)); *Garcia v. I.N.S.*, 733 F.Supp. 1554, 1555 (M.D.Pa. 1990)("when no objections are filed, the district court need only review the record for plain error").

As previously explained, since the Magistrate Judge's *Report and Recommendation* is unopposed, this Court has only to be certain that there is no "plain error" as to the Magistrate Judge's conclusions, in order to adopt the same. After a careful analysis, the Court finds no "plain error" and agrees with the Magistrate Judge's conclusions, as supplemented herein.

**Analysis**

As stated above, plaintiffs did not object the *Report and Recommendation* issued by the Magistrate Judge, Docket No. 43. After careful review and in absence of plain error, the Court **ACCEPTS, ADOPTS and INCORPORATES** by reference, the Magistrate Judge's *Report and Recommendation,* Docket No. 43, to the instant Order. The Court agrees *in toto* with the Magistrate Judge's conclusion that defendant Potter's motion for summary judgment be granted for plaintiff's failure to show employment discrimination, as plaintiff was unable to show that he has a disability nor that his termination was age related.

The Magistrate Judge found that:

Plaintiff was unable to show that, although he was terminated during the probationary period, said termination was age related. The record clearly shows that plaintiff received "unacceptable" evaluations; had two traffic accidents during the term of employment, and was unable to meet the duties set forth by the employer as a Part Time Flexible City Carrier. "There is no evidence proffered in this case to support plaintiff's contention that defendant's conduct was motivated by an age-driven animus." *See Report and Recommendation*, Docket No. 43, page 17. "Plaintiff's contentions to this effect are conclusory and unsupported. *Id.* "The reason for plaintiff's termination of employment was not his age but a legitimate business reason, namely his performance evaluations and two separate incidents he endured while in the performance of his work during his probationary period which are uncontested." *Id.  See also* the *Decision* issued by the U.S. Equal Employment Opportunity Commission, on October 24, 2007, Appeal No. 0120060270; Agency No. 4A006006804, Docket No. 1, Exhibit 1-5. The Magistrate Judge concluded that "insofar as the age discrimination claim, in the absence of any genuine issue of material fact in controversy, defendant's request for summary disposition should be granted." *See Report and Recommendation*, Docket No. 43, page 17.

The Magistrate Judge further found, as the disability claim that:

"Under the ADA, as would be under the Rehabilitation Act, a 'disability' is a physical or mental impairment that substantially limits one or more of the major life activities of such individual; a record of such an impairment; or being regarded as having such an impairment." *See Report and Recommendation*, Docket No. 43, at page 23. "Protection is granted only to individuals who meet one or more of the above mentioned definitions." (Citations omitted). *See Report and Recommendation*, Docket No. 43, at page 23. "In the absence of direct evidence of discrimination,

courts apply the burden shifting framework initially in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Id.* Said analysis is also applicable to disability discrimination claims arising under the ADA. *Id.* at pages 23-24. *See generally* the thorough analysis made by the Magistrate Judge when applying the *McDonnell Douglas* test to plaintiff's claims. *See Report and Recommendation*, Docket No. 43, pages 5-31. *See also Ramos-Echevarria v. Pichis*, 698 F.Supp.2d 262 (D.P.R.2010).

The Court agrees and hereby incorporates the analysis made by the Magistrate Judge both under the ADEA, and the ADA, as applicable under the Rehabilitation Act.

### A Final Note

The Court reiterates that there is no cause of action under the American Disabilities Act ("ADA"), 42 U.S.C. §§ 11201, *et seq.*, as the "ADA does not apply to alleged discrimination on the basis of disability in federal employment. *See* 42 U.S.C. § 12111(5)(b)(I) (exempting the 'United States' from employers covered by the ADA)." *Stella v. Potter*, 2009 WL 792177, at *2 (E.D.N.Y. March 23, 2009). The Court, however, will treat the discrimination claim as one under the Rehabilitation Act, 29 U.S.C. § 794, *et seq.*, and also as a discrimination claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 791, *et seq.*, as the standards to determine employment discrimination under the Rehabilitation Act are the same standards under the ADA. *See Stella v. Potter*, 2009 WL 792177. *See also Enica v. Principi*, 544 F.3d 328, 338 n. 11 (1st Cir. 2008) ("As a federal employee, Enica [plaintiff] is covered under the Rehabilitation Act and not the ADA. Nevertheless, since the same standards apply to both the Rehabilitation Act and ADA, we rely on precedent construing both statutes. *See Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 12 n.1 (1st Cir. 2004)").

**Conclusion**

For the reasons stated above, the Court finds that there is **no plain error** in the Magistrate Judge's thorough *Report and Recommendation*, Docket No. 43, hence, the *Report and Recommendation* is hereby adopted *in toto*. Hence, defendant's motion for summary judgment, Docket No. 24, is granted, and this case is dismissed with prejudice. The Jury Trial set for February 8, 2011 is vacated and set aside. Judgment is to be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 31st day of January, 2011.

> s/Daniel R. Domínguez
> DANIEL R. DOMINGUEZ
> U.S. District Judge